**STATE of Missouri, Respondent,**

v.

**James HOLMAN, Appellant.**

**No. ED 82689.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 17, 2004.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 14, 2004.

S. Kristina Starke, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Andrea K. Spillars, Asst. Atty. Gen., Linda

---

Lemke, Asst. Atty. Gen., Jefferson City, MO, for respondent.

Before CLIFFORD H. AHRENS, P.J., WILLIAM H. CRANDALL, JR., and LAWRENCE E. MOONEY, JJ.

## ORDER

The defendant, James H. Holman, appeals the judgment entered upon his convictions by a jury for first-degree domestic assault, Section 565.072 RSMo. (2000),[1] armed criminal action, section 571.015, and unlawful use of a weapon, section 571.030.1(1). The defendant alleges the trial court erred in: (1) overruling his objection and allowing the prosecuting attorney to play his audiotaped statement to the police wherein he acknowledged owning a street-sweeper shotgun because this constituted improper impeachment; (2) overruling his objection to the prosecutor's reference to the street-sweeper shotgun during closing argument; and (3) failing to *sua sponte* order a competency exam pursuant to section 552.020.2 when the court learned at sentencing that the defendant was borderline mentally retarded.

We have reviewed the parties' briefs and the record on appeal. We find no abuse of discretion in allowing the prosecutor to play the defendant's statement, and we decline to exercise our discretion to review the defendant's claim of error regarding closing argument. Lastly, the trial court did not err in not ordering a competency examination. An opinion reciting the detailed facts and restating the principles of law would have no precedential value. The parties, however, have been furnished with a memorandum, for their information only, setting forth the reasons for this order.

1. All further statutory references are to RSMo. (2000).

We affirm the judgment pursuant to Rule 30.25(b).